NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| MICHAEL D. BRANDNER, M.D., | ) |
| | ) Supreme Court No. S-17293 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-13-07697 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| PROVIDENCE HEALTH & SERVICES | ) AND JUDGMENT[*] |
| – WASHINGTON, | ) |
| | ) No. 1829 – May 19, 2021 |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jennifer Henderson, Judge.

Appearances: Michael D. Brandner, pro se, Anchorage, Appellant. Chester D. Gilmore, Cashion Gilmore LLC, Anchorage, for Appellee Providence Health & Services – Washington.

Before: Bolger, Chief Justice, Winfree, Carney, and Borghesan, Justices. [Maassen, Justice, not participating.]

## I.    INTRODUCTION

A surgeon's hospital privileges were terminated without a prior administrative hearing; we upheld the termination but found the lack of a hearing had violated his procedural due process rights. At the subsequent damages trial the surgeon moved for a continuance to convey information to his expert witness. The superior court

---

[*]    Entered under Alaska Appellate Rule 214.

arranged for his expert to review the new information and denied the motion, ultimately awarding nominal damages of one dollar on the grounds that no competent evidence of actual damages had been presented. The surgeon now appeals, challenging the superior court's denial of a continuance and award of only nominal damages. We affirm the superior court on both points.

## II.   FACTS AND PROCEDURAL HISTORY

Dr. Michael Brandner, a plastic surgeon, had hospital privileges at Providence Health & Services – Washington (Providence) from 1995 to 2009.[1] He also maintained privileges at two other local hospitals. In 2009 Brandner had emergency open-heart surgery and took a leave of absence from his practice, returning to work the next year. Brandner was not approved to resume hand surgeries at Providence; his surgical caseload at Providence decreased after his return, while his workload at Alaska Regional Hospital increased.[2]

In June 2011 Providence terminated Brandner's hospital privileges without a hearing, and a post-termination hearing five months later confirmed the hospital's decision.[3] During the five months after his termination Brandner performed no operations at Providence, but further increased his surgical caseload at Alaska Regional Hospital.

---

[1]   *Brandner v. Providence Health & Servs. – Wash.* (*Brandner I*), 394 P.3d 581, 584 (Alaska 2017).

[2]   At Providence Brandner performed 24 operations in 2008 but only 2 operations in the first half of 2011; at Alaska Regional Hospital, where he had performed a total of 2 operations from 2006 to 2008, he performed 8 operations in the last five months of 2010 and another 8 in the first five months of 2011.

[3]   *Brandner I*, 394 P.3d at 584-85.

Brandner initially attributed declines in his income over this period to injuries sustained during his heart surgery and brought a medical malpractice suit against his Providence health providers to recoup the alleged lost income.[4]  At that time Brandner stated that "all [his] lost earnings," including those in 2011, were caused by the 2009 surgery, and he testified that "the main thing thus far that has impacted my income is my health."  His malpractice suit was unsuccessful.[5]

Brandner then brought suit against Providence, alleging denial of due process, defamation, and various contract violations for the termination of his hospital privileges.  The superior court ruled against him on all points,[6] and in 2015 he appealed to this court.  We concluded that Providence had violated Brandner's procedural due process rights by terminating him before giving him an opportunity to be heard; we upheld Brandner's termination but remanded to allow him to pursue damages for any resulting loss of income between his summary termination and the subsequent hearing.[7]  In September 2016, Brandner was sentenced to a 48-month term in federal prison for an unrelated matter.  He remained incarcerated in California throughout his suit for damages.

The damages trial was initially scheduled for November 20, 2017, but Brandner's counsel withdrew in mid-October.  To allow Brandner to prepare, the superior court continued the trial until March 2018.  Asked during a February trial call if he would be ready to proceed the next month, Brandner responded:  "I will try to be

---

[4]     *Brandner v. Pease*, No. 3AN-11-10914 CI (Alaska Super., May 23, 2014).

[5]     *Brandner v. Pease*, No. 3AN-11-10914 CI (Alaska Super., June 13, 2014).

[6]     *Brandner v. Providence Health & Servs. – Wash.*, No. 3AN-13-7697 CI (Alaska Super., May 27, 2015).

[7]     *Brandner I*, 394 P.3d at 590, 592, 597.

ready.  I'm certainly not ready now."  He did not request a further continuance at that time.

On the first day of the trial, Brandner immediately requested a continuance, claiming that his expert witness needed time to review a letter that Brandner had recently mailed.  Brandner explained that he had not spoken to the expert in several years and was not certain he was prepared to testify.  Providence opposed the motion, and after hearing from both parties the court ordered that the trial be held as scheduled.  Brandner's expert would be permitted to testify on the last day, giving him time to review the letter.  Brandner's lay assistant also suggested a continuance until Brandner's release, but the court properly cautioned her that she could not make legal arguments.  Brandner did not make this argument himself.

Providence presented expert testimony and hospital records supporting its argument that Brandner's economic loss, if any, was minimal.  It introduced Brandner's statements from his malpractice suit, in which he blamed any loss of income on injuries from his heart surgery.  Providence's expert reasoned that Brandner's earnings in the five months between his termination and his hearing would have been comparable to the prior five months, during which Brandner had scheduled only two surgeries at Providence.  Noting Brandner's increased workload at two other facilities during this time, the expert theorized that Brandner's termination might not have affected his income at all.  Providence therefore proposed a loss of income ranging from zero to $2,402.

Brandner's expert witness, in contrast, proposed a $230,000 loss based on Brandner's 2004-2007 tax returns.  He stated that he had read Brandner's letter but that his analysis had not significantly changed as a result.  On cross-examination, the expert admitted that he was unaware of Brandner's continuing health problems, previous inconsistent statements about the cause of his income losses, or work at other surgical facilities.  He agreed that this information cast doubt on his original estimates.

The superior court "wholly adopt[ed]" in its order the "facts and legal conclusions set forth by" Providence. The court determined that Brandner "produced no competent evidence at trial of any 'actual loss' caused by his pre-hearing suspension" and therefore awarded him "the nominal sum of one dollar." Brandner appeals, challenging the superior court's decisions to deny his requested continuance and to grant only nominal damages.

## III.  DISCUSSION

### A.  The Superior Court Did Not Abuse Its Discretion By Denying Brandner's Motion To Continue The Trial.

Brandner argues that the superior court erred in denying his motion for a continuance, a decision which we review for abuse of discretion and will overturn only if a party is "deprived of a substantial right or seriously prejudiced by the lower court's ruling."[8] The only ground for a continuance asserted by Brandner at the time was that his expert witness needed time to read a recently mailed letter. The court adequately addressed this issue by delaying the expert's testimony until he could review the document. Brandner has shown no prejudice resulting from the denial of his motion to continue, and we therefore conclude that the superior court did not abuse its discretion.[9]

Brandner additionally argues in his briefing that the superior court should have continued the case until his release from prison. But Brandner did not preserve this issue for appellate review, as he did not raise it when moving for a continuance in the

---

[8]  *State, Dep't of Transp. & Pub. Facilities v. Miller*, 145 P.3d 521, 528 (Alaska 2006) (quoting *House v. House*, 779 P.2d 1204, 1206 (Alaska 1989)).

[9]  *See Greenway v. Heathcott*, 294 P.3d 1056, 1069 (Alaska 2013) (affirming denial of continuance where party failed to show "how the outcome might have been different" had continuance been granted).

superior court.[10]  Brandner's lay assistant did attempt to raise the matter, but the trial judge cautioned her that she was not authorized to make legal arguments.  Brandner himself did not argue the incarceration point, and so failed to preserve the issue.[11]

## B.     The Superior Court Did Not Err In Awarding Only Nominal Damages.

Brandner also argues that the trial court erred in awarding only nominal damages.  We review an award of damages for clear error,[12] reversing only if "left with the definite and firm conviction on the entire record that a mistake has been committed."[13]

But the record supports the court's finding that Brandner suffered no economic loss from his termination.[14]  Brandner's expert failed to consider the changes

---

[10]     *See Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985) ("As a general rule, a party may not present new issues or advance new theories [on appeal] to secure a reversal of a lower court decision.").

[11]     At oral argument and in Brandner's reply brief he also asserted that the superior court should have continued the trial until his release based on arguments he had made at pretrial proceedings.  But Brandner has abandoned this argument as well because he did not raise the point in his opening brief, and "[a]ttention to the issue in a reply brief does not resuscitate it."  *Oels v. Anchorage Police Dep't Emps. Ass'n*, 279 P.3d 589, 599 (Alaska 2012) (quoting *Braun v. Alaska Commercial Fishing & Agric. Bank*, 816 P.2d 140, 145 (Alaska 1991)).

[12]     *See Burton v. Fountainhead Dev., Inc.*, 393 P.3d 387, 393 (Alaska 2017) (reaffirming that a "trial court's determination of damages is a finding of fact"), *as amended on reh'g* (May 9, 2017).

[13]     *Vezey v. Green*, 35 P.3d 14, 20 (Alaska 2001).

[14]     On appeal Brandner also argues that the superior court erred by not awarding damages for mental anguish.  Brandner failed to preserve this claim because he never requested, or even discussed, such damages in the proceedings below.  *See Zeman*, 699 P.2d at 1280 (stating that generally new issues or theories may not first be

(continued...)

in Brandner's health or work habits which contributed to his loss of income from Providence. Brandner himself had previously testified that the reduction in his earnings between 2007 and 2011 was due to his poor health. And Providence's expert produced records showing Brandner had ultimately performed more surgeries in the months after his termination than in the months prior — they were simply not scheduled at Providence.

There was an adequate basis for the trial court's finding that no actual damages resulted from the improper termination. Therefore, the award of nominal damages was not clearly erroneous.

## IV. CONCLUSION

The superior court's judgment is AFFIRMED.

---

[14] (...continued)
advanced on appeal).